**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____ X

| | | |
|---|---|---|
| **Donald Kreutel and Tracy Kreutel individually and on behalf of all others similarly situated** | **Plaintiffs** | Docket No. 15 cv 187 |
| -against- | | |
| **Richard J. Sokoloff** | **Defendants** | AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |
| | | Unlawful Debt Collection Practices |
| _____ | | TRIAL BY JURY DEMANDED |

## I. CLASS ACTION COMPLAINT

Plaintiff, DONALD KRUETEL and TRACY KREUTEL, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, et seq. ("FDCPA"), against the Defendant to recover damages by reason of Defendant's violations of the FDCPA and alleges:

## II. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

2. Plaintiffs, DONALD KREUTEL and TRACY KREUTEL , is a citizen of the State of New York, residing in the Eastern District of New York, from whom Defendant attempted to collect a consumer debt allegedly owed by Plaintiffs.

3. Defendant RICHARD J. SOKOLOFF ("Sokoloff") is a person who operates a debt collection company doing business in New York State. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

5. The alleged debt Defendant sought to collect from Plaintiffs is a consumer debt, as defined by §1692a(5) of the FDCPA, in that it was originally incurred for personal, family or household purposes. The original debt was an alleged medical debt associated with the Plaintiff Tracy Kreutel.

### IV.  FACTUAL ALLEGATIONS

6. At all times herein relevant, Plaintiff was and is a "consumer" as defined by 15 USC 1692a(3).

7. At all times herein relevant, Defendant was and is a "debt collector" as that term is defined by 15 USC 1692a(6).

8. On or about September 28, 2014, the Defendant sent the Plaintiffs the form debt collection letter attached as **Exhibit A** hereto.

9. Exhibit A falsely states that the Plaintiffs owe a debt to a Brookhaven Anesthesia.

10. The Plaintiff Donald Kreutel never had any business transaction with Brookhaven Anesthesia and does not owe them anything.

11. Exhibit A falsely indicates that Plaintiffs owe Brookhaven Anesthesia money.

12. Exhibit A falsely states that the Defendant has a right to report the alleged debt onto the credit report of the Plaintiff Donald Kreutel.

13. Exhibit A falsely threatens to report the debt onto Plaintiff Donald Kreutel's credit report, which is an action not permitted by law.

14. Exhibit A falsely indicates that Defendant sent a previous letter to the Plaintiffs.

15. Exhibit A is a form letter appearing on the letter head of an attorney's office. Plaintiffs asserts that this letter was not meaningfully reviewed by an attorney prior to being sent to Plaintiffs. Even a basic review of the document would have alerted an attorney that both the Plaintiffs could not owe the alleged medical debt, unless the Plaintiff Donald Kreutel had specifically agreed to act as a surety.  Even a basic review of the documents related to the alleged debt would have shown an attorney that the Plaintiff Donald Kreutel did not receive medical treatment and in no way agreed to be responsible for the alleged medical debt of his wife.  As Exhibit A indicates that the document was from an attorney, Exhibit A is false and deceptive in that no attorney meaningfully reviewed the file prior to the document being mailed.  Defendants' actions in this regard violate 15 USC 1692e; 15 USC 1692e(3); and 15 USC 1692e(10).

16. On or about December 19, 2014, the Defendant filed a Complaint with the District Court of the State of New York – Suffolk County. (Attached ad **Exhibit B**). Exhibit B was received by the Plaintiff on or about February 7, 2015.

17. Exhibit B falsely states that the Plaintiffs owes a debt to a Brookhaven Anesthesia.

18. The Plaintiff Donald Kreutel never had any business transaction with Brookhaven Anesthesia and does not owe them anything.

19. Exhibit B falsely indicates that Plaintiffs owes Brookhaven Anesthesia money.

20. Exhibit B is a form "Complaint" containing a signature block of an attorney's office. Plaintiffs asserts that this "Complaint" was not meaningfully reviewed by an attorney prior to being sent to Plaintiffs. Even a basic review of the document would have alerted an attorney that both the Plaintiffs could not owe the alleged medical debt, unless the Plaintiff Donald Kreutel had specifically agreed to act as a surety. Even a basic review of the documents related to the alleged debt would have shown an attorney that the Plaintiff Donald Kreutel did not receive medical treatment and in no way agreed to be responsible for the alleged medical debt of his wife. As Exhibit B indicates that the document was from an attorney, Exhibit B is false and deceptive in that no attorney meaningfully reviewed the file prior to the document being mailed. Defendants' actions in this regard violate 15 USC 1692e; 15 USC 1692e(3); and 15 USC 1692e(10).

21. The Defendant left messages for the Plaintiff on an answering machine in which Defendant announced that they were a debt collector.

22. The Defendant left the following messages on an answering machine located in the Plaintiff's residence:

> Mr. Name is Mr. Frank. I'm calling from the Law Office of Richard Sokoloff. This communication is from a debt collector. We've been advised telephone number 631-714-4672 belongs to Donald Krushel. I'm sorry Kruetel.  This message is intended for Donald Kruetel only and is not placed for any other person. Mr. Kruetel I'm calling in regards to your account with Brookhaven Anesthesia Associates, which has been referred to Mr. Sokoloff. Please return my call at 631-223-7161 and  please be advised that this is an attempt to collect a debt by a debt collector and any information will be used for that purpose.

> My name is Mr. Frank. I'm calling from the Law Office of Richard Sokoloff. This communication is from a debt collector. I've been advised telephone number 714, I'm sorry 631-714-4672 belongs to Donald Kruetel.  This message is intended for Donald Kruetel only and is not placed for any other person. Mr. Kruetel I'm calling in regards to your account with Brookhaven Anesthesia  Associates, which  has been referred to Mr. Sokoloff. Please return my call at 631-223-7161 and please be advised that this is an attempt to collect a debt by a debt collector and any information will be used for that purpose.

23.  On at least one occasion, the Plaintiffs' friend who was temporarily living at the Plaintiffs' home while Plaintiffs were away, heard the message left by Defendant, and learned that the Defendant was attempting to collect the debt from the Plaintiff.

24. The Defendant's conduct invaded the privacy protections afforded the Plaintiffs' through the FDCPA in that it announced to a third party that the Defendant debt collector was attempting to collect a debt from Donald Kreutel.

25. The Defendant had no reason to believe that the Plaintiff and his wife were the only people who were within listening distance to the answering machine on which Defendant made their announcements.

26.  The Plaintiffs never gave the Defendant authority to disclose the alleged debt to any person.

27. The Plaintiffs never gave Defendant consent to leave messages on the answering machine that Defendant called.

28. Defendant did not send the Plaintiffs the notices required by 15 USC 1692g.

## V. VIOLATIONS OF THE FDCPA

29. The actions of the Defendant as described above were false, deceptive, and unconscionable and unfair. Defendants' actions violate 15 USC 1692 e; 15 USC 1692 e(2); 15 USC 1692 e(3) 15 USC 1692 e(5); 15 USC 1692 e(10); 15 USC 1692 f(1); 15 USC 1692c(b); and 15 USC 1692g.

## VI. CLASS ALLEGATIONS

### CLASS #1

30. Plaintiff Donald Kreutel brings the following Count on behalf of themselves and Class #1. The Class consists of all consumers residing in the State of New York who, according to Defendants' records received a letter or complaint materially identical or substantially similar to Exhibit A and/or Exhibit B within one year of the filing of this Complaint, who did not actually receive the medical services alleged to be the basis of the debt Defendant sought to collect.

### CLASS #2

31. Plaintiffs bring the following Count on behalf of themselves and Class #2. Class #2 consists of all consumers residing in the State of New York who, within the one year prior to the filing of this Complaint, according to Defendants' records, received document materially identical or substantially similar to Exhibit A and/or Exhibit B hereto where a medical debt is alleged to be owed by two persons.

32. The claims asserted in this case satisfy the requirements of Rule 23(a) because:

    (A)    The members of the classes are so numerous that joinder of all members is impractical.

    (B)    There are questions of law and fact common to the Class and these questions predominate over any questions affecting only individual Class members.

    (C)    The only individual issue is the identification of the consumers who received documents materially identical or substantially similar to Exhibit A and/or Exhibit B (*i.e.*, the Class members), a matter capable of ministerial determination from the Defendant's records.

    (D)    The Plaintiffs' claims are typical of those of the Class members. All are based on the same facts and legal theories.

    (E)    Plaintiff will fairly and adequately represent the Class members' interests. Plaintiffs have retained counsel experienced in bringing class actions and collection-abuse claims. Plaintiffs' interests are consistent with those of the Class members.

33. Class action treatment is appropriate under Rule 23(b)(3) because questions of fact or law common to the members of the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the Class members' claims.

34. Congress specifically envisions class actions as a principal means of enforcing the FDCPA.  *See* 15 U.S.C. §1692k.

35. The members of the Class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.

36. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, resulting in the establishment of inconsistent or varying standards for the parties, and would not be in the interest of judicial economy.

37. If the facts are discovered to be appropriate, Plaintiffs will seek to certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**WHEREFORE,** Plaintiff asks that this Court enter judgment in his favor and on behalf of the Class, against Defendants as follows:

(A) Certify the proposed the Class under Rule 23 of the Federal Rules of Civil Procedure and appoint Plaintiff and his counsel to represent the Class;

(B) Statutory damages as provided by §1692k of the FDCPA;

(C) Actual damages as provided by §1692k of the FDCPA

(D) Attorney's fees, litigation expenses and costs incurred in bringing this action;

(E) Any other relief this Court deems appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Dated:   West Islip, NY
         April 26, 2015

                                    Respectfully submitted,

                                    S/ **JOSEPH MAURO**
                                    _____
                                    Joseph Mauro (JM: 8295)
                                    Plaintiff's Attorney

# EXHIBIT A



*Richard Sokoloff*
*Attorney at Law*
990 S. SECOND STREET-SUITE 1
RONKONKOMA, NY  11779
PH: 1-(631) 696-8545  -  FAX: 1-(888) 322-9957

DONALD KREUTEL
TRACY KRUETEL                                September 28, 2014
510 OLD N OCEAN AVE
PATCHOGUE, NY. 11772

```
RE................: BROOKHAVEN ANESTHESIA ASSOC.,LLP
PATIENT...........: SELF
PLACEMENT BALANCE.: $530.44
COLLECTION CHARGES: $.00
PAYMENTS RECEIVED.: $.00 FROM 09/11/13 THROUGH 09/28/14
CURRENT AMOUNT DUE: $530.44
```

PLEASE ASK FOR MRS. JAY AT PH#: 631-696-8545
OUR ACCOUNT NUMBER: 99FCGP

DEAR DONALD KREUTEL :
     TRACY KRUETEL

PREVIOUSLY, I SENT YOU A LETTER REQUESTING THAT YOU CONTACT THIS
OFFICE WITHIN 30 DAYS IF YOU DISPUTE THE ABOVE REFERENCED DEBT OR I
WOULD ASSUME THE DEBT IS VALID.  IT IS NOW OVER 30 DAYS LATER AND
OUR RECORDS DO NOT INDICATE YOU HAVE DISPUTED THIS DEBT.

THEREFORE, PLEASE BE ADVISED THAT IF YOUR BALANCE IS NOT PAID IN
FULL OR REASONABLE ARRANGEMENTS ARE NOT MADE, I WILL BE REPORTING
THIS ACCOUNT AS "DELINQUENT" TO THE TRANS-UNION CREDIT REPORTING
AGENCY.

**THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

SINCERELY,

RICHARD SOKOLOFF, ESQ.
RS:U02/CL/09/11/13/0242

---

```
*FOR YOUR CONVENIENCE, MY OFFICE ACCEPTS VISA, MASTERCARD, AMEX *
*AND DISCOVER CREDIT CARDS.  IF YOU PREFER TO PAY BY CREDIT CARD*
*PLEASE EITHER CALL MY OFFICE AT  631-696-8545  OR COMPLETE THE *
*QUESTIONAIRE AND RETURN IT TO MY OFFICE.                       *
```

---

AMOUNT YOU WOULD LIKE TO CHARGE $_____.ATTORNEY ACCT #: 99FCGP
NAME AS IT APPEARS ON CREDIT CARD:_____
ADDRESS THAT STATEMENT IS SENT TO:_____

ACCOUNT NUMBER: ____-____-____-____.EXPIRATION DATE___/___/

SIGNATURE:_____.TODAYS DATE:___/___/
DAY TIME PHONE NUMBER:____-____-____

NYC DEPT. OF CONSUMER AFFAIRS #: 1326774

# EXHIBIT B

```
DISTRICT COURT OF THE COUNTY OF SUFFOLK
FIRST DISTRICT, RONKONKOMA, CIVIL PART                        VERIFIED COMPLAINT
----------------------------------------
BROOKHAVEN ANESTHESIA ASSOC. LLP
                              PLAINTIFF(S),

          -AGAINST-
DONALD KREUTEL AND
  TRACY  KRUETEL
                              DEFENDANT(S)
----------------------------------------
```

PLAINTIFF(S), BY ITS ATTORNEY, COMPLAINING OF THE DEFENDANT(S), UPON INFORMATION AND BELIEF, ALLEGES:

1) THAT DURING THE TIME HEREIN STATED AND HEREINAFTER MENTIONED, THE PLAINTIFF(S) WERE AND STILL ARE LICENSED DOCTOR(S) AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW YORK.
2) UPON INFORMATION AND BELIEF THAT DURING THE TIME HERETOFORE AND AT ALL TIMES HEREINAFTER MENTIONED, THE DEFENDANT, DONALD KREUTEL, HEREIN WAS AND STILL IS AN INDIVIDUAL RESIDING IN THE COUNTY OF SUFFOLK .
3) UPON INFORMATION AND BELIEF THAT DURING THE TIME HERETOFORE AND AT ALL TIMES HEREINAFTER MENTIONED, THE DEFENDANT, TRACY KRUETEL, HEREIN WAS AND STILL IS AN INDIVIDUAL RESIDING IN THE COUNTY OF SUFFOLK .
4) THAT THE CAUSE OF ACTION AROSE IN THE COUNTY OF SUFFOLK WHERE PROFESSIONAL SERVICES WERE RENDERED.
5) THAT HERETOFORE PLAINTIFF S  RENDERED PROFESSIONAL SERVICES AT AN AGREED PRICE AND REASONABLE VALUE TO THE DEFENDANTS IN THE AMOUNT OF:     $530.44
6) THAT NO PART THEREOF HAS BEEN PAID ALTHOUGH DULY DEMANDED EXCEPT THE SUM OF OF $.00 AND THERE NOW REMAINS DUE AND OWING TO PLAINTIFF FROM DEFENDANTS $530.44 WITH INTEREST THEREON FROM 11/07/12.

WHEREFORE, PLAINTIFF DEMAND JUDGMENT AGAINST DEFENDANTS FOR THE SUM OF $530.44 WITH INTEREST FROM 11/07/12 TOGETHER WITH COSTS AND DISBURSEMENTS.

```
                           Richard Sokoloff
                           Attorney at Law
                   990 S. SECOND STREET-SUITE 1
                         RONKONKOMA, NY  11779
          PH: 1-(631) 696-8545 -  FAX: 1-(888) 322-99
```

VERIFICATION, BY CORPORATION

STATE OF NEW YORK, COUNTY OF SUFFOLK ss: THE UNDERSIGNED, WILLIAM KRUGER, MD

BEING DULY SWORN, DEPOSES AND SAYS:
DEPONENT IS THE PARTNER OF
BROOKHAVEN ANESTHESIA ASSOC., LLP CONDUCTING BUSINESS IN THE STATE OF NEW YORK AND DEPONENT MAKES THIS VERIFICATION BECAUSE DEPONENT HAS READ THE FOREGOING COMPLAINT COMPLAINT AND KNOWS THE CONTENTS THEREOF; THE SAME IS TRUE TO DEPONENTS OWN KNOWLEDGE EXCEPT TO MATTERS THEERIN STATED TO BE ALLEGED ON INFORMATION AND BELIEF, AND AS TO THOSE MATTERS DEPONENT BELIEVES IT TO BE TRUE. THE GROUNDS OF DEPONENTS BELIEF AS TO ALL MATTERS NOT STATED UPON DEPONENT'S KNOWLEDGE ARE AS FOLLOWS: BOOKS AND RECORDS.

DATED: September 28, 2014

VALERIE J LOQUET
NOTARY PUBLIC STATE OF NEW YORK
SUFFOLK COUNTY
LIC. #01LO6221716
COMM. EXP. 5/10/2014

WILLIAM KRUGER, MD,
PARTNER
SWORN TO BEFORE ME ON   9-28-14